LUCY H. PULSIFER *vs.* EDWIN C. DOUGLASS.

Androscoggin.    Opinion January 29, 1901.

*Burial. Husband and Wife. Cemetery.*

It is the duty of a husband to provide a suitable place for the burial of the body of his deceased wife, and he has a paramount right to determine where the place of her burial shall be.

But when that duty has been performed, and the body has been buried in the lot of another with the consent, both of the husband and of the owner of the lot, the husband does not have the right without the consent of the lot owner, to enter thereon and remove the body.

A dead body, after burial, becomes a part of the ground to which it has been committed, and an action of trespass may be maintained by the owner of the lot, in possession, against one who disturbs the grave and removes the body, so long, at least, as the cemetery continues to be used as a place of burial.

Under some circumstances a court of equity, which, in this country, where there are no ecclesiastical courts, has jurisdiction of controversies relative to the place of burial of a dead body, may permit a husband to remove the body of his deceased wife from the lot of land of another, as where the burial was not with the intention or understanding that it should be her final resting place.

ON REPORT.

This was an action of trespass quare clausum, in which the plaintiff sought to recover damages of the defendant for a wilful and malicious trespass upon her private lot in Mount Auburn Cemetery; the digging up and carrying away by the defendant of the remains of her sister recently buried there, to some place to the plaintiff unknown.

The case appears in the opinion.

*H. W. Oakes, J. A. Pulsifer, and F. E. Ludden,* for plaintiff.

Counsel cited, with other cases:   3 Am. & Eng. Ency. of Law, (1st Ed.) p. 52, and cases cited; *Lakin* v. *Ames*, 10 Cush. 221; *Fox* v. *Gordon*, 40 Leg. Int. 374; *Wynkoop* v. *Wynkoop*, 42 Pa. St. 293, (82 Am. Dec. 513); 2 Waterman on Trespass, 845; *Weld* v. *Walker*, 130 Mass. 423; *Pierce* v. *Swan Point Cemetery*, 10 R. I. 227; *Regina* v. *Sharpe*, Dears. & B. C. C. 160, 163, S. C. 7 Cox C. C. 214, 216.

Revised Statutes, c. 124, § 27, simply relieve the defendant from liability of criminal prosecution.

Damages:   *Thirkfield* v. *Mountain View Cemetery Assoc.* 12 Utah, 76, 41 Pac. Rep. 564.

*A. K. P. Knowlton*, for defendant.

What defendant did was in good faith, and not wrongfully, unlawfully, forcibly or maliciously, but in accordance with the law regulating and permitting the disinterment of dead bodies.   Revised States, as amended, 1891, chap. 118, § 7.

Defendant acted under permit from the city clerk and superintendent of burials of the city of Auburn in accordance with the statutes of Maine, and ordinance of the City of Auburn.   Revised Ordinances, Chap. 28, sections one and two; the said ordinances having been admitted, in the case at the hearing.

All the rights of the plaintiff were and are subject to and restricted by the statutes, and the ordinances of Auburn.

All acts that were done, directed or participated in by the defendant or any persons in the removal were done lawfully.

The rights of plaintiff are so restricted by statute and ordinances as to debar her from maintaining her action.

The husband of the deceased woman by his consent to the burial, thereby acquired such an interest in the burial lot, as to warrant his request for removal, under the legal restrictions.

No objections were made to the granting of the permit for removal of the remains.

The law does not require, that the plaintiff should have had knowledge of the intention of removal, or her permission for the removal.

The disinterment and removal was done by a legally appointed or chosen undertaker.

The statute, as to removal of interred bodies, abrogates the common law and provides for grants or licenses for such removals. *Com.* v. *Cooley,* 10 Pick. 36.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J.    Action of trespass quare clausum for an alleged unlawful entry upon the cemetery lot of the plaintiff and the removal therefrom of the body of the plaintiff's sister which had been buried therein about a month prior to the disinterment. The body was that of Mrs. Sarah A. Webb, and we think that it must be inferred from the case that the burial in the plaintiff's lot was with the consent of the husband of the deceased.    The disinterment and removal of the body of Mrs. Webb were done by the defendant at the request of her husband.    The case comes to the law court upon report.

It is not only the duty of a husband to provide a suitable place for the burial of the body of his deceased wife, but he unquestionably has the paramount right to determine upon the place of her burial.    *Durell* v. *Hayward,* 9 Gray, 248.    But when that duty has been performed, and the body has been buried in the lot of another with the consent, both of the husband and of the owner of the lot, the husband does not have the right, without the consent of the lot owner, to enter thereon and remove the body.    A dead body, after burial, becomes a part of the ground to which it has been committed, and an action of trespass may be maintained by the owner of the lot, in possession, against one who disturbs the grave and removes the body, so long, at least, as the cemetery continues to be used as a place of burial.    *Meagher* v. *Driscoll,* 99 Mass. 281; *Weld* v. *Walker,* 130 Mass. 422; *Bessemer Land & Imp. Co.* v. *Jenkins,* 111 Alabama, 135 (56 Am. St. Rep. 26).

But under some circumstances a court of equity, which, in this country, where there are no ecclesiastical courts, has jurisdiction of controversies relative to the place of burial of a dead body, may

permit a husband to remove the body of his deceased wife from the lot of land of another, as where the burial was not with the intention or understanding that it should be her final resting place. *Weld* v. *Walker*, supra. See also a discussion of the law upon this subject in *Pierce* v. *Proprietors of Swan Point Cemetery*, 10 R. I. 227.

The defendant is, therefore, liable for a technical trespass, at least, notwithstanding he was acting at the request of the husband. The plaintiff claims large damages, both actual and punitive, including damages for her distress of mind, upon the ground that the defendant's acts were wanton and malicious and performed without due regard to the proprieties of the occasion.

We do not think that the evidence substantiates the plaintiff's contention in this respect, but, upon the contrary, we are of opinion, that in removing the body to another place of burial the defendant, and those employed by him, proceeded with due propriety and decency, and as the body was removed for and at the request of the husband, that the plaintiff should be confined to a recovery of actual damages measured by the injuries done to her lot, which we assess at twenty dollars.

*Judgment for plaintiff.*
*Damages assessed at $20.*