# SACRED HEART OF JESUS POLISH NATIONAL CATHOLIC CHURCH v. VERONICA SOKLOWSKI.[1]

May 16, 1924.

No. 23,932.

**Church officer not precluded from testifying to conversations with decedent.**

1. An officer of plaintiff, a congregation owning a cemetery, had not such an interest in the result of this suit, involving the removal of a corpse buried in the cemetery, that he is precluded, by section 8378, G. S. 1913, from testifying therein as to conversations with a deceased person upon an issue in the suit.

**Cemetery may bring suit to restrain removal of corpse.**

2. The owner of a cemetery may maintain an action in equity to enjoin the disinterment of a body buried therein.

**View of court erroneous.**

3. The court erred in the view that, as to the place of interment, the known wishes of the deceased "should be scrupulously carried out and that the wishes of the survivors" should be secondary.

**Right to select place of burial and reburial.**

4. The surviving spouse has the right to select the place of burial of the deceased spouse, in the absence of a testamentary disposition of the body, but the last wish of the deceased if known is to be considered. Once buried with the acquiescence of the surviving spouse, a removal should not be allowed except for cogent reasons, but, if such reasons are made to appear, the surviving spouse has the right of the selection of the place of reinterment, the last known wish of the deceased also to be considered.

**Last wish of decedent to be considered.**

5. The last wish of the deceased is to be taken into consideration and not prior ones of contrary import.

**Finding not sustained.**

6. The evidence indicates that the court erred in finding that the deceased desired to be buried in plaintiff's cemetery.

[1] Reported in 199 N. W. 81.

Action in the district court for Anoka county to restrain the removal of the body of Joseph Soklowski from the lot where interred in plaintiff's private cemetery. The case was tried before Giddings, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion for amended findings and conclusions or for a new trial, plaintiff appealed. Reversed.

*Thompson, Hessian & Fletcher,* for appellant.

*Patterson & Rorem,* for respondent.

HOLT, J.

Plaintiff, a duly organized religious corporation, owns a cemetery in Anoka county, wherein defendant's husband, in June, 1916, was buried in a lot selected by her son and upon which has been erected a stone monument. Plaintiff, although claiming to teach and confess doctrines identical with those held by the Roman Catholic Church, is independent of its authority and discipline, does not recognize the Pope as its head, and holds its property in its own name. Defendant and her children, all grown, are Roman Catholics, and members of a local congregation of that faith in northeast Minneapolis. The Roman Catholics have a large, well-kept cemetery in the city of Minneapolis, known as St. Mary's, for the interment of all of that faith now being buried in that city. Defendant desires to remove the body of her husband from plaintiff's cemetery and reinter it in St. Mary's. Plaintiff brought this suit to enjoin her from so doing. The trial resulted in findings in favor of plaintiff, and defendant appeals from the order denying her motion for amended findings or a new trial.

There are two main contentions on this appeal viz.: (a) That the court erred in permitting officers of plaintiff to testify as to conversations with Joseph Soklowski, defendant's husband, wherein he expressed his desire to be buried in plaintiff's cemetery; and (b) that the findings are not sustained by the evidence.

The statute prohibiting a party interested in the event of an action from testifying concerning conversations with or admissions of a deceased person relative to the subject matter at issue (G. S. 1913, § 8378), as construed by this court, means that the interest in

order to exclude the witness "must be pecuniary, certain, direct and immediate, and not an uncertain, contingent, remote or merely possible interest." Perine v. Grand Lodge A. O. U. W. 48 Minn. 82, 50 N. W. 1022; Havlicek v. Western Bohemian Fr. Assn. 138 Minn. 62, 163 N. W. 985. It is clear that a trustee or officer of plaintiff can have no interest of the sort above described in the final resting place of the corpse of defendant's husband.

We have been cited to no case where the controversy relating to the place of interment has been between the owner of a cemetery as the sole party on the one side and the family of the deceased unitedly on the other.[1] This is such a case. It is also somewhat unique in that the corpse has remained interred for these many years in plaintiff's cemetery during which time the family cared for the grave and have erected a substantial stone monument thereon.

In the oral argument it was questioned whether plaintiff had such claims or equities in the final resting place of this corpse as to maintain the suit. In a strict legal sense there are no property rights in a dead body, especially after burial. And, although no legal action may be maintained respecting injuries thereto, it is well settled that equity will protect such rights as surviving relatives may have touching the care and location of the grave, the interest of the public in the undisturbed repose of the dead, and the latter's expressed wish, if any, as to their final resting place. In the instant case, Joseph Soklowski was one of the organizers of plaintiff congregation, took an active part in acquiring this cemetery, had expressed often to its officers and others his desire of being buried therein, and had been so buried. As owner of this cemetery, in guarding the repose of the dead therein interred, and as interested in carrying out the expressed desire of its members as to their final resting place, we think there can be no question of plaintiff's right to maintain an action of this sort.

That plaintiff is a member of a growing national organization of churches; that it has an adequate, though modest, church building, where divine worship is maintained; that it has a resident priest; that it owns this cemetery of 5 acres wherein over 80 persons are

[1][See correction on page 338, infra.]

buried; that it now has a substantial fence around it; that it is laid out in lots with driveways; that trees have been planted; and that it is moderately well kept up; that Joseph Soklowski was an ardent member of plaintiff; that he selected a burial lot in its cemetery and repeatedly expressed a strong desire to be buried therein, and that he was so buried with the acquiescence of defendant and her children, are facts found which are not open to serious dispute upon this record.

But the propriety of this finding, one of mixed fact and law, must be questioned, viz:

"That the final sepulture of the deceased has been established in exact accordance with his well known wish and desire, and that while the undersigned can fully appreciate and has great respect for the personal and religious sentiments which prompt the defendant to insist that the remains of her husband should be disinterred and re-buried in a cemetery and lot in which she and their children expect to ultimately lie, the defendant and her children have apparently failed to realize and appreciate that it is a sentiment and practice of almost universal application that the known wishes of the deceased as to the disposition of his body should be scrupulously carried out and that the wishes of the survivors in this respect should be secondary to those of the deceased."

We are impressed that the learned trial court erred in taking the position, indicated by the above finding, that the expressed wish of the deceased is the primary consideration and that of his survivors secondary. The statement in Thompson v. Deeds, 93 Iowa, 228, 61 N. W. 842, 35 L. R. A. 56, that "it always has been, and will ever * * * be the duty of courts to see to it that the expressed wish of one, as to his final resting place, shall, so far as it is possible, be carried out" does not express the whole law on the subject of burial, for that decision also respects the rights of the survivors of the dead. The law as summed up in Pettigrew v. Pettigrew, 207 Pa. St. 313, 56 Atl. 878, 64 L. R. A. 179, 99 Am. St. 795, appeals to us to state the correct deductions from reported cases in this country. It is stated thus [page 319]:

"The result of a full examination of the subject is that there is no universal rule applicable alike to all cases, but each must be considered in equity on its own merits having due regard to the interests of the public, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association.

"Subject to this general result it may be laid down first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor.

"Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified it may be by circumstances of special intimacy or association with the decedent.

"Thirdly, how far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail.

"Fourthly, with regard to reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it."

The evidence in this case clearly shows that the earnest desire of the defendant was that her husband should have been buried in St. Mary's cemetery, her intended place of burial. But she yielded to her son's insistence that her husband be interred in plaintiff's cemetery, upon the son's assurance that he had obtained permission from the priest in charge of the plaintiff congregation to remove the body whenever she wanted to thereafter. The son no doubt was then actuated by a desire to carry out, what he considered, the oft expressed wish of his father. It is readily seen that the occasion forbade a controversy, and too great effect should not be given to

the defendant's failure to then insist on her right to determine the place of burial.

There is another outstanding fact bearing significantly on the question of Joseph Soklowski's final desire as to the place of interment. When he came to die, he did not send for the priest of the plaintiff congregation to administer the last sacrament, but called the priest of the Roman Catholic Church. That priest came and complied with his desires. Soklowski had been brought up a Roman Catholic, and had been a member in good standing of a congregation of that faith, and to which his widow and his children still belonged, until about 2 years before his death, when, for reasons which to him then appeared adequate, he severed his connection therewith and organized the plaintiff congregation. We assume that both he and the church he deserted considered his act schismatic or heretical. But, as we understand it, the doctrine of the Church of Rome is: Once a Roman Catholic, always such, and, though one may turn a heretic, yet whenever he returns and asks for the offices of that church he will be received back as a member in good standing on conforming to its ordinances. A plain indication of such return would be calling for the administration of the last sacrament when at death's door, and the administration thereof by the priest would be deemed an acceptance of him as a member. The record does not disclose the precise doctrine or belief of the Roman Catholic Church regarding the burial of its members in any but cemeteries consecrated under its practices, but the inference from the testimony of defendant is that interment in cemeteries not so consecrated is regarded with abhorence and contrary to the earnest desires of every faithful Roman Catholic. It seems to us, therefore, that by Joseph Soklowski's calling for the priest of the Roman Catholic Church to administer the last sacrament and receiving it, he renounced all previously expressed desires to be buried in the cemetery of the schismatic church he had organized, and plainly announced a final desire to be buried as a Roman Catholic in ground consecrated for that purpose according to the practice of that religious faith. Insofar as courts of equity are to consider the wish of the dead as to the place of their burial it

should be the last or final wish. We think this was inadvertently overlooked by the learned trial court in the instant case.

A reinterment, where the spouse had consented to the original burial under mental reservations, similar to those of defendant in the instant case, was permitted by a court of equity in Weld v. Walker, 130 Mass. 422, 39 Am. Rep. 465. This case also sustains the jurisdiction of courts of equity over matters of sepulture and repose of the dead.

Stiles v. Stiles, 113 Misc. 576, 185 N. Y. Supp. 53, is an interesting case, in that the refusal there to permit a removal by the surviving wife was on condition that she and her children should be interred by the side of her husband as his father had promised. The dispute involved no religious sentiment between the survivors as in the instant case where it appears that all of Joseph Soklowski's family are as a matter of conscience distressed that his remains are in unconsecrated ground.

Neighbors v. Neighbors, 112 Ky. 161, 65 S. W. 607, holds that "the wife and children of a deceased person have the right, in preference to his brothers and sisters, to select the place of burial of his body, and to change it at pleasure, in the absence of any testamentary disposition of the body."

Toppin v. Moriarity, 59 N. J. Eq. 115, 44 Atl. 469, involved a disinterment of the body of plaintiff's daughter, the defendant's wife. The law is quite fully discussed, and it was held that defendant by his conduct was precluded from interfering with the change of the grave. The public interest in the undisturbed repose of the dead is there stressed. And so it is everywhere by legislation, and by judicial utterances.

In the annotation of Sherrard v. Henry, 21 A. L. R. 645, many cases may be found touching the right of the removal of bodies for the purpose of reinterment. See also Hackett v. Hackett, 18 R. I. 155, 26 Atl. 42, 19 L. R. A. 558, 49 Am. St. 762; Wilson v. Read, 74 N. H. 322, 68 Atl. 37, 16 L. R. A. (N. S.) 332, 124 Am. St. 973; Anderson v. Acheson, 132 Iowa, 744, 110 N. W. 335, 9 L. R. A. (N. S.) 217.

We are of the opinion that where, as here, the wife and all the children of the deceased, prompted by religious convictions, desire to remove the body of the husband and father from what they regard as unholy ground and reinter it in a cemetery consecrated as a burial place in accordance with the practice of the church to which they all belong, and where there is such strong evidence that the final or last wish of the deceased accords with the desires of his wife and children, even though prior to his last sickness he had often expressed a desire to be interred where his body now lies, equity should not interfere with such removal. Under such conditions the disinterment could not be considered a desecration of the grave or as offending the respect due the resting place of the dead. If the members and officers of plaintiff regard the act of Joseph Soklowski in calling for the administration of the last sacrament as, we think, they were taught to regard it when members of the Roman Catholic Church, they would no doubt concede that his final wish was that his body should rest in ground consecrated according to the practice of that church. That the remains as well as the monument can be removed without any material injury to the property of plaintiff is entirely clear, and we do not understand counsel to suggest anything to the contrary. The sanctity of a graveyard and the public interest in the undisturbed repose of the remains of the dead, in our opinion, does not require a court of equity to enjoin this widow from carrying out her desire to remove the remains of her husband, which desire undoubtedly also accords with his last wish, and the present wish of all his children. We think the record discloses adequate reasons for the disinterment of the body of Joseph Soklowski.

The order is reversed and a new trial granted.

## UPON PETITION FOR REARGUMENT.

On June 13, 1924, the following opinion was filed:

PER CURIAM.

A statement in the opinion should be corrected. It was there said that we had been cited to no case where the controversy relat-

ing to the place of interment was between the owner of the cemetry on the one side and the family of the deceased unitedly on the other. There was one such case cited, namely, In re Donn, 14 N. Y. Supp. 189. There, however, both the husband and the wife had been buried, apparently according to their common desires, the wife in a consecrated cemetery and the husband in a private burial plot. Years afterwards the surviving children sought to have their mother's remains disinterred and laid beside those of the father. This was denied. It is to be noticed that children have not the voice in the selection of the place of interment of a parent that a surviving spouse has in that of a deceased spouse.

The petition is denied.