In the Matter of the Petition of LUIGI FORRISI, for the Removal of the Body of ANTHONY FORRISI, Deceased, etc.

Supreme Court, Special Term, Queens County, February 10, 1939.

*Frank J. Ricca*, for the petitioner.

*Reuben Bernstein*, for the respondent.

DALY, J. Petitioner seeks an order for the removal of the body of his deceased son from one plot to another owned by him in Calvary Cemetery. The only one opposing the application is his daughter-in-law, the decedent's widow.

It is well settled in this State " that in the absence of testamentary disposition to the contrary, a surviving husband or wife or the next of kin have the right to the possession for the purpose of burial or other disposition which they may see fit to make of the body of a deceased relative." (*Stahl* v. *Necker, Inc.*, 184 App. Div. 85, 90.)

However, in *Larson* v. *Chase* (47 Minn. 307; 50 N. W. 238), cited with approval in *Darcy* v. *Presbyterian Hospital* (202 N. Y. 259), the rights of a surviving wife were held paramount to those of the next of kin only if she were living with her husband at the time of the latter's death. In the instant case it is conceded that at the time of the decedent's death and for some two years prior thereto, the decedent's widow was living separate and apart from him; and it is uncontradicted that at that time an action for separation was pending, in which she was the plaintiff.

Under these circumstances I do not believe that the widow's rights to the disposition of her husband's remains are paramount to those of his father, the petitioner herein, who not only owns both the grave in which he is now interred and that to which he seeks removal, but who made all the funeral arrangements, etc.

Upon the merits, the reasons urged in support of the application outweigh those in opposition, and are sufficient to induce this court of equity to exercise its discretion and grant the application.

Submit order on notice to all parties, including the trustees of St. Patrick's Cathedral of the City of New York.