# ANNA URAM AND ANOTHER v. ST. MARY'S RUSSIAN ORTHODOX CHURCH AND ANOTHER.[1]

May 24, 1940.

No. 32,419.

*Andrew G. Cooper* and *Walter J. Welch,* for appellant.
*Nichols, Mullin & Farnand,* for respondents.

HILTON, JUSTICE.

This is an appeal from an order of the district court for Hennepin county granting Anna Uram and her son permission to disinter the body of William Uram from a grave in St. Mary's Rus-

[1]Reported in 292 N. W. 200.

sian Orthodox Cemetery and reinter it in a family plot in Sunset Memorial Park Cemetery.

The proceeding was commenced by serving a "notice" and a "petition." The notification was directed to the "defendants" and stated that the petition would be presented to the district court at a specified special term, at which time a motion would be made for an order granting the relief asked. The petition set forth in evidentiary form the facts upon which the petitioners relied. Supporting affidavits are also in the record.

The first paragraph of defendants' separate answers raised the question whether jurisdiction *in personam* was acquired by this procedure. In the next paragraph, defendants, after reserving the right to object to the exercise of jurisdiction, interposed an answer to the facts contained in the petition and also submitted affidavits.

The trial court overruled the special appearance and decided the merits in petitioners' favor. Dissatisfaction engendered by this resulted in this appeal by the St. Mary's Russian Orthodox Church. The other defendant named was the pastor of the church. He is not an appellant.

Initially several questions arise: (1) Is jurisdiction over defendants necessary; (2) if so, did the trial court err in overruling the jurisdictional point raised; (3) can defendants now prevail after answering on the merits in the same instrument as alleged the special appearance and thereafter participating in the hearing on the merits? Proper regard for a practical sequence suggests that discussion of the first question should be followed by that of the remainder in inverse order.

Petitioners argue that since only a court in the exercise of its equitable powers can give permission to disinter a body, all that is procedurally necessary to procure authorization is to apply to the court and give notice to those who might be interested. It is said that defendants "cannot give us that permission. It is denying us no right which it owes us." Consequently it is not an "action" within 2 Mason Minn. St. 1927, § 9224, which reads:

"Civil actions in the district court shall be commenced by the service of a summons * * *."

Defendants assert that under our practice there is no other method for petitioners to pursue than that outlined in § 9224. Since the "notice" falls far short of the statutory requirements for a summons, it cannot be treated as one disguised by a misnomer.

Obviously it is for the court in the exercise of its equitable powers to determine whether the repose of the dead may be disturbed. Yet, as between those desiring removal and those opposing it, the proceeding in substance follows the familiar pattern of an adversary contest. Lack of a duty not to object to the removal does not any the less prevent the cemetery owner from raising the barriers which the interest it represents dictates. In the answers, for instance, it is alleged that the disinterment would be contrary to the church faith and rules. In other words, in this proceeding, as in other equitable actions, the merits of the matter are controverted by one who has the right, if not the duty, to assert facts which it deems relevant. Of course the interest of defendant must give way to the mandate of the court in the exercise of its sound discretion. But still the essential elements of the proceeding are common to those of other equitable proceedings.

We have held that the cemetery owner has a sufficient interest in guarding the repose of the dead to maintain an injunction action. Sacred Heart, etc. Catholic Church v. Soklowski, 159 Minn. 331, 199 N. W. 81, 33 A. L. R. 1427. If there is a sufficient interest to justify an action in such a situation, it would seem that the proper procedure is to serve a summons as in any other action calling for the exercise of equitable powers whether concurrent or exclusive.

It is evident that the contest between those who request removal and those who object partakes in the nature of an adversary proceeding in which real issues are raised and are followed by a contest on the merits between the parties. This is especially true in the situation here where the opposing forces represent the church in which decedent voiced his faith and partook in

worship. Absent statutory authorization, under our practice we know of no method, and none has been pointed out, whereby a party can proceed in such a situation as here presented without proper regard for the statute requiring service of summons. Defendant's interest is sufficiently adverse so that for all practical purposes the proceeding must be regarded as an action within § 9224. What has been said disposes of the argument that defendants cannot maintain an appeal.

A party who has not been served with a summons can object to the exercise of jurisdiction *in personam*. Only if this is true can an orderly system of practice function or continue. Digressions in form or practice, if permitted, would result in substantive rights often being impaired and in a procedural system limited in variety only by the natural bounds of ingenuity. Still one cannot rely upon the challenge to jurisdiction and also follow a course of conduct which renders him vulnerable to the assertion that the point has been waived. Has defendant done this?

Our recent decisions have settled that a party who appears specially to challenge the court's jurisdiction over him and loses on the point can then answer and defend on the merits without waiving his rights. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 482; Sellars v. Sellars, 196 Minn. 143, 264 N. W. 425; see Morehart v. Furley, 149 Minn. 56, 182 N. W. 723. So long as the party only defends and does not voluntarily invoke the jurisdiction in his own behalf, there is not a waiver.

From the foregoing it is clear that defendant did not waive the challenge unless it is material that the answer on the merits was pleaded reservedly in the same instrument as contained the allegations setting forth the special appearance.

We do not think that this can be construed as a waiver. Unless substance is to be surrendered to form, there does not seem to be any practical reason why the allegations contesting jurisdiction and the answer on the merits made conditionally cannot be united. Delay is avoided and inconvenience and expense eliminated. This is the rationale of Board of Co. Commrs. v.

Smith, 25 Minn. 131, wherein objections to jurisdiction and an answer on the merits made conditional on the loss on the jurisdictional contest were permitted in a land tax proceeding. Ordinarily counsel's duty of good faith and honesty is adequate to prevent abuse of this practical method of proceeding.

In passing, it is desirable to point out that Peterson v. Board of Supervisors, 199 Minn. 455, 459, 272 N. W. 391, 393, does not conflict with the present decision. There it was held that in a proceeding to lay out a town road there was a waiver of the jurisdictional point when the merits were contested. The basis for the majority opinion is found in the statement that a town board is not a court and "the strict rules pertaining to a waiver in a court proceeding are not applicable."

We do not pass upon the merits. It seems, however, that a careful and proper regard for the principles laid down in Sacred Heart, *etc.* Catholic Church v. Soklowski, 159 Minn. 331, 199 N. W. 81, 33 A. L. R. 1427, should aid the parties immeasurably in solving the present controversy.

The order appealed from is reversed and the cause remanded with directions to the trial court to vacate the order.