In the Matter of the Application of CECILIA HERSKOVITS, Petitioner, for the Removal of the Body of BENJAMIN HERSKOVITS, Deceased.

MURIEL HERMAN et al., Respondents.

Supreme Court, Special Term, Queens County, May 31, 1944.

*Samuel Lerner* for petitioner.

*Morris Schmulbach* for Muriel Herman and others, respondents.

COLDEN, J.  Benjamin Herskovits died on February 7, 1944, after a protracted illness. He left him surviving his widow, two infant children, and brothers and sisters. His body was interred two days later in a burial plot in Mt. Lebanon Cemetery, owned by the three sisters of the decedent. In the same plot are buried the father and mother and two brothers of the decedent. All of the parties are of the Hebrew faith and the burial plot is situated in a Hebrew cemetery. The petitioner, the widow of the decedent, has now instituted a proceeding to obtain an order authorizing the disinterment of the body of her late

husband for the purpose of cremation. She claims that it was the wish of the deceased that he be cremated; that he had executed a consent to that effect which was subsequently destroyed; that the respondents, the three sisters of the decedent, in whose plot he had been buried, knew of this but had prevailed upon the petitioner to bury him in such family plot.

The respondents strenuously oppose the application. Not only do they deny the material facts alleged in the petition, but they assert that disinterment is forbidden under the tenets of the Hebrew faith, and certainly for the purpose of cremation which is, in itself, forbidden; that in any event the petitioner is estopped since the interment of her husband in the family plot was a voluntary act on her part.

It is unnecessary to discuss here the religious aspects of this case. The subject had been fully discussed and earnestly considered by our courts on numerous occasions. (See particularly *Matter of Katz,* 167 Misc. 301.) A liberal view has been adopted in permitting disinterment at the request of all of the nearest of kin for the purpose of reburial in after-acquired family plots. (*Matter of Raisler,* N. Y. L. J., March 8, 1944, p. 925, col. 4.)

Obviously the situation here is different. Disinterment is not here sought " to satisfy a longing that those united during life shall not be divided after death " (*Yome* v. *Gorman,* 242 N. Y. 395, 403), but for the purpose of cremation in accordance with the alleged wishes of the decedent himself. It is settled that the wishes of a decedent in respect to the disposition of his remains are paramount. A direction in a will that a testator's body be cremated and his ashes interred in a certain cemetery as near his deceased parents' graves as possible has been enforced, notwithstanding the opposition of members of his family. (*Matter of Eichner,* 173 Misc. 644, and the authorities there cited.) In the situation presented here, however, the decedent's body has for more than three months been buried in a family plot belonging to his sisters, and with the consent of the petitioner, his wife; he has not made a testamentary disposition to have his body cremated and a writing alleged to have been executed by him has been destroyed. Under these circumstances the court is of the opinion that it will be improvident to grant the application sought here. True, the possession of a dead body for the purposes of preservation and burial belongs, in the absence of a testamentary disposition, to the surviving spouse or next of kin of the deceased, the rights of the spouse being paramount. (*Stahl* v. *Necker Inc.,* 184 App. Div. 85; *Mat-*

*ter of Forrisi,* 170 Misc. 649.)   Having exercised such rights the petitioner cannot, without the consent of the owners of the plot in which the decedent has been buried, disinter his body for the purpose of cremating it.   As stated in *Pulsifer* v. *Douglass* (94 Me. 556, 558) and cited in *Yome* v. *Gorman (supra)* : " It is not only the duty of a husband to provide a suitable place for the burial of the body of his deceased wife, but he unquestionably has the paramount right to determine upon the place of her burial.  *Durell* v. *Hayward,* 9 Gray, 248.  But when that duty has been performed, and the body has been buried in the lot of another with the consent, both of the husband and of the owner of the lot, the husband does not have the right, without the consent of the lot owner, to enter thereon and remove the body.  A dead body, after burial, becomes a part of the ground to which it has been committed, and an action of trespass may be maintained by the owner of the lot, in possession, against one who disturbs the grave and removes the body, so long, at least, as the cemetery continues to be used as a place of burial. *   *   * ' '   (See, also, *Stiles* v. *Stiles,* 113 Misc. 576.)

The application is accordingly denied.  Submit order.