## Zale v. Koons

*Stephen Teller*, for plaintiff.

*Enoch Thomas*, for defendant.

PINOLA, P. J., December 3, 1965. — The St. Adalbert's Cemetery has caused no appearance to be entered for it, and apparently is indifferent to the outcome of these proceedings.

## I

### STATEMENT OF PLEADINGS AND ISSUE RAISED

The pleadings in this action consist of a complaint and an answer. The issue involved is whether plaintiff is entitled to have the body of her father removed from St. Adalbert's Cemetery in Glen Lyon to Holy Cross Cemetery at Mount Carmel, where her mother is buried.

## II

### FINDINGS OF FACT

1. Plaintiff is the daughter of Thomas Koons and Mayme Koons.

2. Defendant is the mother of Thomas Koons.

3. Thomas Koons, an undertaker residing in Mount Carmel, died on August 13, 1959. He had lived there for 37 years prior to his death.

4. Upon the death of Thomas Koons, he was survived by his wife, Mayme Koons, and a daughter, who is the plaintiff.

5. The widow, Mayme Koons, participated in the arrangements with defendant, Mary Koons, for the burial of her husband in St. Adalbert's Cemetery at Glen Lyon.

6. Plaintiff, Bernadine Zale, also participated in the arrangements for the burial of her father in St. Adalbert's Cemetery.

7. Thomas Koons during his lifetime indicated that he desired to be buried at St. Adalbert's Cemetery.

8. The widow, Mayme Koons, during her lifetime, approved and acquiesced in the burial of her husband in St. Adalbert's Cemetery.

9. Plaintiff, Bernadine Zale, approved and acquiesced in the burial of her father in St. Adalbert's Cemetery.

10. Defendant, Mary Koons, is the owner of an eight-grave plot in St. Adalbert's Cemetery, in which her son was buried with her consent.

11. The widow, Mayme Koons, residing at Mount Carmel, died on October 23, 1964, and she was buried in a four-grave plot purchased by plaintiff in Holy Cross Cemetery.

12. Defendant, Mary Koons, at no time agreed to the burial of Mayme Koons in her lot as a condition precedent to the consent by said Mayme Koons to the burial of her husband, Thomas Koons, in that lot.

### III

### DISCUSSION

In Pettigrew v. Pettigrew, 207 Pa. 313, 56 Atl. 878, Chief Justice Mitchell, after reviewing the rights in connection with burial of a decedent, declared, p. 319:

". . . with regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it".

However, other courts have held that there is a distinction between the rights existing prior to burial and those after burial, because after its interment, the body is in the custody of the law, and a disturbance of its resting place and its removal is subject to the control and direction of a court of equity. It is the policy of the law, except in cases of necessity or for laudable purposes, that the sanctity of the grave be maintained, and that a body once suitably buried should remain undisturbed: 25A C.J.S. 495, 496, §4 (1) ; Weidner v. Weidner, 19 D. & C. 557; Fowlkes v. Fowlkes, 133 S. W. 2d 241 (Tex. Civ. App.).

When Thomas Koons died, the right to possession and custody of his body became vested in his wife. In such case, no right would accrue to the daughter.

From the facts, it is evident that the wife agreed to the burial of her husband in the cemetery in Glen

Lyon, and, having acquiesced in such burial for over five years, the natural conclusion is that she waived any right she might have to remove the body elsewhere.

In Datz v. Dougherty, 41 D. & C. 505, the court said (page 511):

"It would seem to be a bit inconsistent for the widow plaintiff to permit her husband's body to remain undisturbed in one resting place for approximately fourteen months, and then by a strange coincidence decide to remove it . . ."

Even where the consent was passive, it has been held that a widow who acquiesced in the first interment of her husband is not entitled to have the body reinterred: Bradley v. Burgia, 25 So. 2d 753 (La. App.).

The "Burial of a human body by the consent of those most interested is regarded in law as a final sepulture which cannot be disturbed against the will of those who have the right to object, generally the next of kin, on account of a change in feeling or circumstances": 22 Am. Jur. 2d 576, §28.

In Bunol v. Bunol, 127 So. 70, 71 (La. App.), the court declared:

"The law seems to be well settled that, whereas the surviving spouse is vested with the initial right of selection of the place of sepulture of the deceased, the right to require subsequent removal of the remains does not exist, unless such removal is made necessary by unusual circumstances".

In our case, there is not even an allegation of necessity by unusual circumstances.

Plaintiff's request should not be granted for another reason. Even if any right had accrued to her, she could not remove the remains of her father against the wishes of the owner of the land where the corpse is buried. When a body has been buried in the lot of another with the consent both of the surviving spouse and the owner of the lot, even a surviving spouse does not have the

right, without the consent of the lot owner, to enter thereon and remove the body: 25A. C.J.S. 501 §4(1); Smith v. Shepherd, 64 N. J. Eq. 401, 54 Atl. 806; Sacred Heart of Jesus Church v. Soklowski, 159 Minn. 331, 199 N. W. 81.

In Pulsifer v. Douglass, 94 Me. 556, 48 Atl. 118, the court declared:

"A dead body, after burial, becomes a part of the ground to which it has been committed".

Finally, since the burial of Thomas Koons was in harmony with his wishes, reinterment should be denied: Puckey v. Blake, 306 Pa. 374; Leschey v. Leschey, 374 Pa. 350.

## IV

From the findings of fact, we reach the following

### CONCLUSIONS OF LAW

1. Upon the death of her husband, the paramount right to the possession and custody of his body was in Mayme Koons.

2. Since the deceased was survived by a widow, no right accrued to plaintiff with respect to the body of her father.

3. The approval and acquiescence by the widow of her husband's interment for over five years constitutes an approval and consent of the interment.

4. The approval and acquiescence by the widow of her husband's interment for over five years constitutes a waiver of her right to any reinterment.

5. The approval and acquiescence of plaintiff of her father's interment for over five years constitutes a waiver of any right which she might have to any reinterment.

6. The body having been buried in the lot of defendant mother, it may not now be removed without her consent.

7. The reinterment of the deceased after five years

would offend the interest of the public and be contrary to the wishes of decedent.

8. Even if she had any right in connection with the reinterment of her father's body, plaintiff has not proven sufficiently compelling reasons to warrant its reinterment.

## V

### DECREE NISI

It is ordered, adjudged and decreed as follows:
1. The complaint of plaintiff is dismissed.
2. Plaintiff is to pay the costs.