Daniel E. Fitzpatrick, J.
Petitioner moves for an order ‘‘ permitting and directing that the body of the petitioner’s sister be disinterred from the grave in the cemetery of Mt. St. Mary’s Cemetery of the Roman Catholic Church, Brooklyn Diocese at Flushing, New York, in which she is now buried, and allowing, directing and permitting the removal of such body from such grave in the cemetery and to transfer and re-inter such body within a concrete vault in the same plot in which said body is now interred ”.
In support of this application, petitioner alleges that the plot in which Rose Cabot is interred is registered in the name of Julia Cabot who is the mother of the deceased and of whom the petitioner is a direct lineal descendant and co-owner thereof with her other two sisters.
The court held a hearing on this application, at which time one of petitioner’s sisters, who is a co-owner of the plot, objected to the relief sought on the grounds that the interment of the deceased in a concrete vault would occupy a greater space than is now occupied and therefore would work to the disadvantage of the other co-owners of the plot.
Section 89 of the Membership Corporations Law entitled “ Removals ” states in part: “ A body interred in a lot in a cemetery owned or operated by a corporation incorporated by or under a general or special law may be removed therefrom, with the consent of the corporation, and the written consent of the owners of the lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any such person or of the corporation can not be obtained permission by the county court of the county, or by the supreme court in the district, where the cemetery is situated, shall be sufficient.”
It appears that it is within the power of the court to allow disinterment under certain circumstances even without the consent of all the owners of the plot. However, the importance of obtaining consent of the owners was discussed in Matter of Herskovits (Herman) (183 Misc. 411, 412-413) in which the court stated: ‘ ‘ True, the possession of a dead body for the purposes of preservation and burial belongs in the absence of a testamentary disposition, to the surviving spouse or next of kin of the deceased, the rights of the spouse being paramount. (Stahl v. Necker Inc., 184 App. Div. 85; Matter of Forrisi, 170 Misc. 649.) Having exercised such rights the petitioner cannot, without the consent of the owners of the plot in which the decedent has been buried, disinter his body for the purpose of cremating it. As stated in Pulsifer v. Douglass (94 Me. 556, *744 558) and cited in Yome v. Gorman [242 N. Y. 395]: £ It is not only the duty of a husband to provide a suitable place for the burial of the body of his deceased wife, but he unquestionably has the paramount right to determine upon the place of her burial. Dwell v. Hayward, 9 Gray, 248. But when that duty has been performed, and the body has been buried in the lot of another with the consent, both of the husband and of the owner of the lot, the husband does not have the right, without the consent of the lot owner, to enter thereon and remove the body. A dead body, after burial, becomes a part of the ground to which it has been committed, and an action of trespass may be maintained by the owner of the lot, in possession, against one who disturbs the grave and removes the body, so long, at least, as the cemetery continues to be used as a place of burial. * * * ’ (See, also, Stiles v. Stiles, 113 Misc. 576.) ”
After careful consideration of all the relevant criteria, this court is of the opinion that the disinterment of the deceased and her reburial, which will certainly take up a larger portion of the plot, should not be permitted over the objection of one of the co-owners of the plot since the usage of more space for the reburial will work to the disadvantage of the other co-owners.
Accordingly, the petition is denied.