Robert N. SPADARO, Respondent,

v.

The CATHOLIC CEMETERIES, et al., Respondents,

and

Vincent T. Cavanaugh, petitioner, and intervenor, Appellant.

No. CO–82–309.

Supreme Court of Minnesota.

Feb. 25, 1983.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, David C. Donnelly and Paul R. Hannah, St. Paul, for appellant; James H. Colwell, Minneapolis, of counsel.

Meshbesher, Singer & Spence and Gerald M. Singer, Minneapolis, for Spadaro.

Meier, Kennedy & Quinn and Andrew J. Eisenzimmer, St. Paul, for Catholic Cemeteries et al.

TODD, Justice.

Margaret Cavanaugh Spadaro is the deceased wife of the plaintiff, Robert N. Spadaro, and the daughter of the intervenor, Vincent T. Cavanaugh. Following his wife's death, the plaintiff arranged for her burial in a family plot in Minneapolis owned by Vincent Cavanaugh. Subsequently, he brought this action to have the body disinterred for reburial in New York State. The trial court, in response to a motion for summary judgment, granted the plaintiff's request. We reverse and remand.

Robert and Margaret Spadaro were married June 8, 1968. During the nine and one-half years of marriage they were both employed as educators and resided in Athens, Ga., then Philadelphia, then Hong Kong, then back to Philadelphia, then Seal Beach, California, where Margaret died on November 26, 1977. Robert presently resides in Philadelphia, Pennsylvania.

At the time of the death, Robert contacted his wife's father and arranged to have Margaret buried in the family plot in Minneapolis. As part of the arrangement Robert demanded and received certain concessions: no public obituaries; a closed casket; no religious service; Margaret's sister was not to attend the funeral; and Vincent Cavanaugh was to pay all costs. Robert claims that as an additional consideration he was promised a gravesite adjacent to his wife, which claim is denied by her father.

Following the burial the relationship between the family of the decedent and her husband has become extremely bitter. There is substantial evidence to support the claim of the father that Robert has pursued a course of harassment seeking to gain a share of the inheritance that would have been his wife's if she had lived. The father has accused his son-in-law of murder and demanded a police investigation. Robert has sued his father-in-law for defamation. The jury returned a verdict in favor of Robert but awarded him no damages. *Spadaro v. Cavanaugh,* Henn.Co.Dist.Ct.File No. 755089 (dated June 23, 1982).

On April 10, 1981, Robert commenced an action for disinterment of the body. Although he presently resides in Philadelphia, Pennsylvania, he states that he wants to bury the body in Queens, New York. The defendant, The Catholic Cemeteries and its director B. Charles Tierney, are taking a neutral position. They could not comply with the request of Robert Spadaro since the cemetery by-laws require that there be consent from both the next-of-kin and the owner of the cemetery lot, who in this case

is the intervenor-father of the decedent. The cemetery is entitled to have its expenses incurred in disinterment guaranteed by the plaintiff if he is successful in this litigation.

The trial court granted summary judgment. We disagree since there are several significant factual issues in the record before us, which should be resolved at trial on the merits.

The issues presented are:

1. What are the rights of a surviving spouse to disinter the remains of a deceased spouse?

2. Under what circumstances may the right to disinter be waived?

1. The trial court in granting summary judgment to the plaintiff relied on our decision in *Sacred Heart of Jesus Polish National Catholic Church v. Soklowski,* 159 Minn. 331, 199 N.W. 81 (1924). In that case the trial court had refused the request of the wife and children to disinter the body over the objection of the church which owned and operated the cemetery. This court reversed and allowed disinterment, relying principally on the Pennsylvania case of *Pettigrew v. Pettigrew,* 207 Pa. 313, 56 A. 878, (1904). We quoted with approval the following language:

> The result of a full examination of the subject is that there is no universal rule applicable alike to all cases, but each must be considered in equity on its own merits having due regard to the interests of the public, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association.

> Subject to this general result it may be laid down first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor.

> Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, par-

ents, brothers and sisters, or more distant kin, modified it may be by circumstances of special intimacy or association with the decedent.

> Thirdly, how far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but, as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail.

> Fourthly, with regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it.

159 Minn. 331, 335, 199 N.W. 81, 82.

■ According to *Pettigrew,* the presumption against removal operates against anyone who seeks to disinter a body. To overcome the presumption, the one who requests disinterment must show reasonable cause for doing so. A surviving spouse may make a lesser showing of reasonable cause than must a more distant relative, but even a surviving spouse must make a showing of reasonable cause to disinter.

■ In *Novelli v. Carroll,* 278 Pa.Super. 141, 420 A.2d 469 (Pa.Super Ct.1980), the Pennsylvania Superior Court reconsidered the principles established in *Pettigrew.* The court developed a list of factors for courts to weigh to determine if reasonable cause has been shown in a particular case. With some modifications, we adopt this list of factors for courts in Minnesota to consider when deciding whether reasonable cause exists for disinterment.

The trial court should consider:

1. The degree of relationship that the party seeking reinterment bears to the decedent.

2. The degree of relationship that the party seeking to prevent reinterment bears to the decedent.

3. The expressed wishes of the decedent.

4. The conduct of the person seeking reinterment, especially as it may relate to the circumstances of the original interment.

5. The conduct of the person seeking to prevent reinterment.

6. The length of time that has elapsed since the original interment.

7. The strength of the reasons offered both in favor of and in opposition to reinterment.

8. The integrity and capacity of the person seeking reinterment to provide a secure and comparable resting place for the decedent.

■ In this case, the record in the summary judgment proceeding discloses factual issues which preclude summary judgment.

■ 2. If on remand, after applying the above standards, the court determines that disinterment is appropriate, the trial court must then determine if, at the time of the original interment, the surviving spouse has waived his right to seek disinterment. In this case, the surviving spouse had virtually absolute control over the original burial decision. He could have buried his wife wherever he desired or he could have had her cremated. He invoked the care and generosity of his wife's family, however, and buried her in their family plot in Minneapolis. Now that he wants to disinter her from the site where he originally chose to bury her, the surviving spouse must show that he has not waived his right to seek reinterment.

■ Robert Spadaro claims that he has not waived his right to seek reinterment, because he was promised consideration for burying Margaret in Minneapolis. There is a factual dispute as to whether the purported consideration, a gravesite next to his wife, was promised to Robert Spadaro and whether one could be available. Given the existence of a material factual dispute, it was inappropriate for the trial court to grant summary judgment.

Reversed and remanded for trial.