OPINION OF THE COURT
Ira J. Raab, J.
This decision and order supplements the oral decision and order dictated into the record on June 9, 2003. The present action is to settle a dispute as to the final disposition of the decedent’s remains. The petitioner is the executor of the purported last will and testament of Jack Salomon, deceased. Petitioner seeks an order preventing the cremation of decedent’s remains and delivery of those remains to the Plaza Jewish Community Chapel, Inc., at 630 Amsterdam Avenue, New *600 York, New York 10024, for the performance of an appropriate Jewish ceremony and burial in accordance with the facets of the Jewish faith. The respondents are the estranged widow, the decedent’s daughter from a prior marriage, and the crematorium. The testimony revealed that prior to the decedent’s death, he and his wife were separated.
The court held a hearing on the petition on June 9, 2003, at which time none of the respondents made an appearance or submitted any papers in opposition to the petition. Upon review of the papers submitted and testimony of petitioner’s witnesses, the relief requested by the petitioner is hereby granted.
Although the spouse or surviving next of kin will generally have a right to possession of a decedent’s remains for preservation and burial, a decedent’s wishes respecting the burial process will be given effect over the objections of family members when a dispute arises as to the ultimate disposition of the remains. (Booth v Huff, 273 AD2d 576, 577 [3d Dept 2000].) However, “[i]n so far as the widow is concerned, the law is clear that a wife from whom the decedent was separated does not have the rights of a widow concerning his remains.” (Feller v Universal Funeral Chapel, 124 NYS2d 546, 550 [Sup Ct, NY County 1953]; see also Matter of Forrisi, 170 Misc 649, 650 [Sup Ct, Queens County 1939].) In the instant case, a witness, Norman Horowitz, the personal attorney for the decedent, testified that the decedent and his widow lived separate and apart for at least one week before the decedent’s final hospitalization. In fact, the decedent’s attorney testified that the decedent consulted him, intending to seek a divorce from his estranged wife.
When cordial parental and filial relations do not exist at the time of death, the daughter may not claim a paramount right as the nearest next of kin to determine the manner of the disposal of her father’s remains. (Feller, supra at 551.) In this case, the testimony revealed that decedent was estranged from his daughter, one of the petitioners, and that there were differences and bitterness between the decedent and his daughter, which lasted until the time of his death.
The court finds that the wishes of the decedent as they have been expressed either in language or action must be given very great weight and prevail over those of a spouse and children, even if there were no estrangement. (Application of Hilliard, 91 NYS2d 547, 549 [Sup Ct, Bronx County 1944].) In this case, the court determines that the decedent’s intent was that he be buried pursuant to Jewish law. The court credits the testimony *601 of the witness for the petitioner, Rabbi Moshe Weinberger, as to the Jewish law on the subject. In the rabbi’s opinion, any follower of the Jewish faith would find cremation unacceptable. The court, in making its determination, considered the facts that the decedent himself was Jewish; that he was Bar Mitzvahed; that he maintained a kosher home; that he went to the synagogue on high holidays; that he wore a Star of David, even in the hospital during the last hospitalization; that he said the nightly Jewish prayer “Shema Yisroel” before going to bed; that he served in the Israeli Army during the War for Independence; that he regularly said the memorial prayers for his dead parents; that he made sure that the petitioner’s attorney, whom he had raised, was Bar Mitzvahed and that the decedent paid for that Bar Mitzvah ceremony and party; and that the decedent gave monies to Jewish charities in Israel and to his synagogue.
Of particular significance to the intent of the decedent regarding to the disposition of his remains is a document written in Hebrew which purports to be a prior will that had been revoked. Petitioner’s witness, Rabbi Moshe Weinberger, translated a portion of the document which referred to the expense of a headstone. Such reference leads the court to conclude that the decedent anticipated an internment upon his death.
In the absence of a clear directive from the decedent regarding the disposition of his remains, the court may examine evidence which demonstrates the decedent’s intent. Accordingly, the court has considered all of the foregoing facts with respect to the decedent’s observance of Jewish law and has concluded that the decedent intended to be interred according to Jewish law, rather than having his remains cremated.
Based upon the forgoing, it is the decision of this court that Neptune Society, the crematorium, turn the remains of the decedent over to Plaza Jewish Community Chapel, Inc., at 630 Amsterdam Avenue, New York, New York 10024, upon receipt of a copy of the order of this court. The petitioner is directed to pay for such ceremony and burial, as well as the charges of Neptune Society, subject to the right of the petitioner to seek reimbursement from decedent’s estate through the Surrogate’s Court.