SERAPHINE A. GARDNER *vs.* SWAN POINT CEMETERY *et al.*

PROVIDENCE—JULY 19, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

While a burial lot is regarded as property the title in which, in most cases, descends to heirs, the tenure is generally unlike that of ordinary real estate.

A deed of such a lot to a grantee, his heir and assigns, conveys an easement or right of burial rather than an absolute title ; so long as the land is used for burial purposes he cannot exercise the same rights of ownership therein as in other real estate.

The principle seems to be that a buried body shall remain undisturbed, and that it is the right and duty of the next of kin to see that its repose is duly protected.

It is a general rule that a burial by the consent of those most nearly interested is to be regarded as a final sepulture which is not to be disturbed against the will of those who have the right to object, who are generally the next of kin.

Opposition to the probate of a will was withdrawn upon the execution of a deed of a burial lot to a cemetery corporation by L., in trust "for a place of interment for me, and for me only, in addition to those already buried therein:" afterwards the corporation, at the request of L., removed from the lot a body previously buried there, and marked the place as reserved for L.  On a bill to compel the corporation to return the body to its former place of burial:—

*Held*, that whatever may have been the rights L. had in the lot before executing the deed, she afterwards had therein only the rights specifically reserved to her.

*Held*, further, that neither L. nor the corporation had the right to make the removal mentioned.

*Held*, further, that in reserving the right of burial in the lot, and nothing more, it must mean that such burial be in a part of the lot vacant at the time the deed was executed.

BILL IN EQUITY to compel the replacement of a body removed from a burial lot.  Heard on demurrer to the bill.

STINESS, J.   According to the averments of the bill, Jonathan M. Wheeler, late of Cranston, gave by will to the respondent, Laura Wheeler, all the residue of his estate, real and personal, a part of which was his burial lot in Swan Point Cemetery.   His mother, Barbara Wheeler, a son by his former marriage, Oscar Wheeler, his first wife and others were buried in the front part of the lot, and he was also buried there, in a space reserved for himself, and these dispositions were made by his express direction.   A contest of the will, by the complainant, resulted in the withdrawal of opposition, upon the execution of a deed of the burial lot by Laura Wheeler to the cemetery corporation in trust "for a place for the interment for me, the grantor, and for me only, in addition to those already buried therein, and subject during my lifetime to my visiting and remaining on said grounds during all reasonable hours."   After this, at the request of Laura Wheeler, the corporation caused the body of the son, Oscar, to be removed from the place where it had lain since 1864, and the space to be marked "Place reserved for Laura, wife of J. M. Wheeler."   The complainant has requested the corporation to return the body to the place from which it was removed, which request has been refused.

The respondents demur to the bill.

While a burial lot is regarded as property, in which title

may in most cases descend to heirs (*Field* v. *City of Providence*, 17 R. I. 803), it is evident that the tenure generally is not like that of ordinary real estate.   We do not know what the charter provisions of the Swan Point Cemetery may be in regard to title of lots, but, in the cases of church-yards and cemeteries, it has been held that, though a deed may run to a grantee, his heirs and assigns, he takes only an easement or right of burial, rather than an absolute title.   *Richards* v. *Northwest Church*, 32 Barb. 42; *Sohier* v. *Trinity Church*, 109 Mass. 1; *Went* v. *Methodist Church*, 87 N. Y. Sup. Ct. (80 Hun) 266.   So long as the land is used for burial purposes he cannot exercise the same rights of ownership as in other real estate.   Thus in *Thompson* v. *Hickey*, 59 How. Pr. 434, it was held that a burial lot could not be mortgaged, and in *Derby* v. *Derby*, 4 R. I. 414, it was held that it did not fall within a power of sale given by an executor for the payment of debts and legacies, but that it passed to the heir at law of the testator.   Following this case, it would not pass under a residuary gift but would descend to the heirs as intestate property.   In *Sabin* v. *Harkness*, 4 N. H. 415, citing ancient authority, it was held that those who erect grave-stones may maintain an action for any injury done to them during their time, but after their decease the action belongs to the heirs of him to whose honor and memory the stones were erected.   In *Pearce* v. *Swan Point Cemetery*, 10 R. I. 227, the right of the heir was sustained as against a widow who had removed the body of her husband from the family burial lot.   In *Mitchell* v. *Thorne*, 134 N. Y. 536, it was held that the heirs of a decedent at whose grave a monument has been erected can recover damages from one who wrongfully injures or removes it, or by an injunction may restrain one who without right threatens to injure or remove it, and this though the title to the ground, wherein the grave is, be not in the plaintiff, but in another.

The principle of all the cases seems to be that the buried body shall remain undisturbed, and that the right and duty falls to the next of kin to see that its repose is duly protected. This right " *after burial*," was referred to in *Hackett* v.

*Hackett,* 18 R. I. 155, as one to be distinguished from right of custody and disposal of the body at the time of burial, when other considerations than kinship may often arise. This same distinction was noted in *Fox* v. *Gordon,* 16 Phila. 185, which has a full and instructive opinion on this subject, wherein it was held that even a husband and father had not the right to remove the bodies of his wife and child from the wife's family lot in which they had been buried with his consent. In *Hackett* v. *Hackett, supra,* this court held that the widow was entitled to the custody and control of the body of her husband, after a burial against her protest and under threats and fear of a disgraceful scene.

Thus it appears that a burial by the consent of those most nearly interested is regarded in law as a final sepulture, which cannot be disturbed against the will of those who have the right to object, generally the next of kin, on account of change in feeling or circumstances. We do not say that there may not be possible exceptions to this rule, since it is more a rule of ethics than of law, but it is safe to say that in law it is recognized as the general rule.

In view of what we have said, it follows that the respondents had not the right, by reason of title in the lot or guardianship over the body of Oscar Wheeler, to remove his remains; but we think there is another ground which is sufficient to estop the respondents from claiming such authority.

The complainant withdrew her appeal from the probate of the will upon the consideration of the execution of the trust deed of the burial lot to the corporation. Evidently she had a strong feeling in regard to this lot, which adjoins her own, as she was willing to withdraw her appeal upon the assurance that it should not be disturbed, except by the burial of Mrs. Wheeler therein, and her right to visit it. When Mrs. Wheeler reserved these rights and nothing more, and put the title, if she had any, in the corporation in trust only for the exercise of those specific rights, it is clear that she no longer had, if she ever had, the right to remove a body which had been buried there. Of course it may be said that it is

proper that she should be buried by the side of her husband, and she might have said so in her deed. Perhaps if she had said so the will contest would not have been settled. But she did not say it, and the deed does not imply it. In reserving the right to be buried in the lot, and nothing more, it could only mean in a vacant part of the lot, and this inference is strengthened by the words, "in addition to those already buried therein." It would not give anybody to understand that she was first to remove a body already buried there.

We are therefore of opinion that neither Mrs. Wheeler nor the corporation had authority to remove the body of Oscar Wheeler. In view of a suggestion in the bill that there may be a satisfactory arrangement, by a proposed change, we simply say now that the bill states a case and the demurrer is overruled.

*Herbert Almy and James M. Gilrain*, for complainants.

*Edward D. Bassett, Edward L. Mitchell, Richard B. Comstock and Rathbone Gardner*, for respondents.