ELENORE SMITH

v.

EMMA SHEPHERD et al.

[Filed April 14th, 1903.]

1. A widow who buried the remains of her deceased husband in a burial plot belonging to his sister, with the consent of the latter, and who prepared the grave for the reception of her own remains after death with like consent, knowing that the said plot was so occupied that no consent would be given for other interments therein, is not entitled to require the owner of the plot to permit her to remove the remains merely because his children by a former wife (also buried therein) and his children by her cannot be buried there.

2. The fact that the sister, the owner of the plot, refuses to consent to the removal of her brother's remains from said plot for the purpose of burying the same in a plot belonging to the widow, and also refuses to consent to the removal of the remains of the first wife of the deceased for the purpose of burying the same in the plot of the second wife, now his

widow, raises no equity justifying a decree requiring her to give such consent in either case.

3. The right of the widow, in respect to access or care or adornment of the grave of her deceased husband, is not involved in or decided in the present case, and the dismissal of the bill is without prejudice to her seeking relief hereafter if her rights in those respects, if any, shall be interfered with.

*Miss Florence Rose,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause was filed by Elenore Smith, the widow of Edwin Smith, and its purpose is to obtain a decree permitting her to remove the body of her late husband from a lot in Fairmount Cemetery, in the city of Newark, in which it was buried, to another lot in the same cemetery, and enjoining the defendant from preventing such removal. There is also a prayer for an injunction against the defendants preventing complainant from visiting the grave in which the remains of complainant's husband now are, and planting flowers upon it and keeping it decorated.

The defendants to the bill are the Fairmount Cemetery Association and Emma Shepherd, the owner of the lot in which the remains of complainant's husband are now buried.

The Fairmount Cemetery Association filed an answer, submitting itself to the judgment of the court.

The defendant Emma Shepherd filed, *pro se,* a paper, presumably intended to be an answer. Upon exceptions filed thereto the answer was found insufficient, and liberty was given to file another answer. The defendant did not avail herself of the permission, and a decree *pro confesso* was made against her, and the complainant was ordered to produce proofs to sustain the allegation of her bill of complaint. Proofs having been taken, the matter was brought to hearing *ex parte,* and an application was made for a decree in conformity with the prayer of the bill.

The rights of parties, and the powers of this court in respect to matters such as are the subject of this bill, have been so recently and carefully considered and expounded in this court

that it is only necessary to refer to the principles which have been, in my judgment, correctly settled. It is thus settled that there is no property right in a dead body; that, upon the death of a married person, the surviving husband or wife is entitled to the custody of the dead body, and charged with the duty of furnishing proper burial; that, when that duty has been discharged, and the remains of the dead have been buried, the right of custody in the surviving husband or wife at once ceases, and it may properly be said that the dead body thereafter is in the custody of the law, because the disturbance of its resting-place and its removal is subject to the control and direction of a court of equity in any case properly before it. *Peters* v. *Peters, 16 Stew. Eq. 140; Toppin* v. *Moriarty, 14 Dick. Ch. Rep. 115.*

In *Peters* v. *Peters, supra,* upon these doctrines, a widow was enjoined from removing the remains of her deceased husband from a cemetery lot belonging to his father, in which he had been buried with her consent.

In *Toppin* v. *Moriarty, supra,* the court enjoined a husband from interfering with, and preventing the removal of, the remains of his deceased wife, which had been buried, with his consent, in the cemetery lot of her father, and its reburial in another lot in the same cemetery, provided by her father. The ground upon which the court exerted its authority in that case was that the original interment of the wife's body in a lot procured by her father was consented to by her husband, in conformity with the request of his wife before her death, that she should be buried in a lot in which her father and mother were afterwards to be buried, and that the father, after the interment, had arranged to exchange the lot in which the remains were buried for another lot, which was deemed a better one, which arrangement was with the consent of the husband, and that the father had, with the knowledge of the husband and without any objection from him, expended a large sum of money in preparing the lot which he obtained in exchange for his burial plot, and with the known intention to remove thereto the remains of his daughter.

The problem in this case is whether, upon the circumstances presented by the proofs, the relief asked, or any part of it, should be granted.

The proofs disclose that the complainant was the second wife of the deceased, Edwin Smith, and that he was a brother of Emma Shepherd, the defendant. At some time, not clearly fixed by the evidence, the defendant became the owner of this burial plot in Fairmount Cemetery, and her brother, afterwards complainant's husband, agreed with her that he would take one-half of the lot and pay one-half its cost. This arrangement was made at the time of the death of the brother's first wife, and she was buried in that plot. The brother thereafter married the complainant, and at his death left her surviving, with three children, the offspring of his first wife, and three other children, the offspring of complainant. He had not then paid to his sister, the defendant, the one-half of the cost of the cemetery plot, or any part of the cost. When, upon his death, it became necessary to arrange for his burial the complainant proposed to the defendant to pay the one-half of the cost of the burial plot, which she was aware had not been paid by the deceased. Defendant then informed her that she had been obliged to sell two spaces in that plot; that she intended reserving two other spaces, and that there remained but a single vacant space therein for a grave, but that complainant might make use of that space for the burial of her husband. Complainant accepted this permission, and it was further agreed between them that the grave might be so constructed that the complainant, upon her death, might also be interred therein. By the direction of the complainant the grave was so prepared, and the remains of the husband were placed therein. The expenses of the interment were paid by the complainant. Since that time the complainant and the defendant Emma Shepherd have become estranged from each other. The complainant thereupon became desirous of removing the remains of her husband from the spot in which they were buried to another plot in the same cemetery, and applied to the defendant for permission so to do, which permission was refused, and thereupon this bill was filed.

Upon these proofs it is impossible to conclude that, at the time of the burial, there was contemplated a mere temporary interment of the remains. In *Weld* v. *Walker, 130 Mass. 422,* the supreme court of Massachusetts held that a surviving hus-

Smith *v.* Shepherd.

band was entitled to such order of the court, sitting as a court of chancery, as would permit him to remove the body of his deceased wife from the lot of another person in which it had been buried, when the court might find from the evidence that he had not consented to its burial there with the intention that it should be her final resting-place. But in this case nothing can be clearer, from the complainant's proofs, than that the burial of her husband's remains in the burial plot of his sister was done by her with the purpose that it should be their final resting-place. This is clear from the fact that she had the grave prepared for her own interment in the same. In this respect this case resembles that which was presented to Vice-Chancellor Bird in *Peters* v. *Peters, ubi supra.* It is true that the complainant asserts that she was, at the time this arrangement was made, much broken by her grief at the loss of her husband, and "didn't think much over" the matter, but it is impossible, upon her own testimony, to fail to recognize that, in consenting to the interment in the sister's plot, she knew that none of the children of the deceased, either those by the first wife or those who were her own children, could be buried there, and was content to have the grave adapted only for her own interment after her death.

I am unable to discover any ground for equitable relief arising out of the circumstances under which the complainant originally arranged for, and consented to, the burial of her husband in defendant's lot.

No subsequent agreement between the parties is disclosed, and it only remains to consider whether circumstances since occurring have altered the situation, or present equitable grounds for the relief prayed for.

The bill charges that the defendant, at the time of the burial, agreed that complainant should have the right to visit the grave, to plant flowers upon it and keep it decorated, and that she has broken her agreement and refuses to allow complainant to decorate the grave. It also charges that defendant has desecrated the grave by leveling it, and disturbing the flowers planted by complainant, and that defendant has made known to complainant that she will not allow complainant to be buried in the grave with her husband at her death.

There is no proof of any special agreement between the parties in respect to access to, or care of, the grave. Nor is there any sufficient or competent proof that the defendant refused to allow complainant to decorate the grave, or that she has desecrated it, as charged. The testimony of complainant on these matters was evidently not given as the result of personal observation, but from reports and statements of others.

The complainant admits that she has never made to the defendant any compensation for the use, present and prospective, of the burial plot. It would seem to have been within the contemplation of the parties that such compensation should be made. But complainant admits that defendant sent her a bill, charging her with certain sums for the space occupied by the remains of the first wife, and the space occupied by the remains of the husband, and the future right of the complainant to be buried in the latter space. This bill complainant admits she refused to pay, but she has not made it appear that she has offered to pay any sum as reasonable compensation for the right to maintain her husband's remains in the lot of defendant, and to have her own remains deposited there.

It is clearly shown that defendant has absolutely refused to comply with the request of complainant to consent to the removal of the remains of complainant's husband from the lot in which they were buried to another lot. It is, fortunately, unnecessary for me to determine who has been at fault in the disagreement between these parties. It is obvious, however, that the complainant's request was not one which the defendant might not decline to accede to without being charged with unfairness. The demand was that she should consent that the remains of her brother should be removed to another lot. They were resting in the same plot with those of his first wife, and, presumably, by her side. There was no reason why the second wife should require the sister of her deceased husband to consent to the removal of the remains which were thus interred. It is true that complainant states that she further offered to remove the remains of the first wife, and reinter them in her own lot, along with the remains of her husband. But the defendant, who had consented to the burial of the first wife in her own plot, might

Smith *v.* Shepherd.

well hesitate to consent that those remains should be removed by a second wife and reinterred in a plot belonging to her. The unfortunate disagreement between these parties· cannot blind us to the unfairness of requiring the defendant's consent under such circumstances.

The complainant insists that the defendant has desecrated the grave, and is preventing her from showing proper respect to her husband in planting flowers and decorating it. In the course of her proofs complainant showed that her counsel had made a written demand upon defendant for permission to remove the remains of her deceased husband, and presented a letter signed by defendant, or in her name, and apparently in response to the demand, in which defendant refused compliance, on the ground that "experience has taught me not to grant any more permits, either to inter or to disinter in my property." She added, "My brother's remains were placed there not for any temporary purpose and I decline to sell them." She further added, "She [evidently meaning the complainant] has my permission to place any flowers, but mine must not be mutilated. That is my property to do with as I please."

While this letter indicates no little bitterness of feeling, I think that it disposes of the charge that defendant is prohibiting complainant from placing flowers upon her husband's grave. Under the circumstances, I fail to find any support for the complainant's claim that defendant's conduct justifies her in demanding the removal of her husband's remains.

The result is that complainant has failed to show that she is entitled to the relief asked for, and her bill must be dismissed. The defendant the Fairmount Cemetery Association is entitled to costs.

As the right of the complainant to visit the grave of her deceased husband, and to place flowers thereon, has not been found to be involved in the present case, and therefore no opinion has been expressed in regard to it, the dismissal will be without prejudice to her filing a bill for relief hereafter if she should be interfered with in that respect.