## Moore, Appellant, *v.* Sheafer et al.

*Burial of the dead—Removal of dead body after burial—Right of widow—Equity—Discretion of court.*

1. The general rule is that the paramount right to control the burial of a deceased spouse is in the husband or widow.

2. The appellate court will not reverse a decree dismissing a bill in equity filed to restrain a widow from removing the body of her deceased husband from the original place of burial, unless a strong case is shown to justify an interference with the wish of the widow.

3. Such a case is peculiarly one for the exercise of judgment by the chancellor and the court below in banc.

Argued January 13, 1925. Appeal, No. 81, Jan. T., 1925, by plaintiff, from decree of C. P. Schuylkill Co., Jan. T., 1924, No. 3, dismissing bill in equity, in case of Martha Lee Moore v. Phoebe Atkins Lee Sheafer and Valentine Haag, Sexton of the Charles Baber Cemetery Co., Howard W. Diller, Rector, Hanson E. Atkins et al., Vestrymen of Trinity Church of Pottsville. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to restrain removal of dead body of plaintiff's brother. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*J. A. Noecker,* with him *H. O. Haag,* for appellant, cited: Lowry v. Plitt, 11 Phila. 303; Fox v. Gordon, 16 Phila. 185; Wynkoop v. Wynkoop, 42 Pa. 293; Hoppe v. Cemetery Co., 224 Pa. Dist. R. 344; Lewis v. Walker, 165 Pa. 30.

*George Ellis, Otto E. Farquhar* and *Arthur L. Shay,* for appellee, were not heard.

PER CURIAM, February 2, 1925:

Plaintiff, a sister of the principal defendant's deceased first husband, filed a bill in equity praying for an injunction to restrain the removal of the latter's remains from the cemetery lot of his mother (also now deceased), where they had lain for some twenty-eight years. It appears that the deceased husband was buried at the place in question with the consent of defendant and that she subsequently erected a tombstone over his grave; at those times, defendant believed, from conversations had with the then owner of the lot, that either she would be made owner of the quarter where the grave was located, or she would be granted the right of burial there beside her late husband; subsequently, however, when defendant had married again (her second husband, also, has since died), the owner of the lot sent written notice that she would neither convey nor sell to defendant any portion of the premises, nor permit her to be buried there. After this, defendant purchased a lot in the same cemetery and asked permission to remove the body thereto. The cemetery company promised to grant the request; whereupon the present bill was filed to restrain such removal. The court below dismissed the bill and plaintiff has appealed.

The principles governing such cases will be found discussed by Mr. Chief Justice MITCHELL in Pettigrew v. Pettigrew, 207 Pa. 313, 319, where, as a result of a review of prior decisions and general authorities on the subject, he states that "there is no universal rule applicable alike to all [such] cases, but each must be considered in equity on its own merits," it being a general rule that "the paramount right is in the surviving husband or widow, and if the parties were living in the normal relation of marriage, it [would] require a very

strong case to justify the court in interfering with the wish of the survivor."

The case before us was peculiarly one for the exercise of judgment by the chancellor and the court below in banc; they were in a much better position to understand and properly determine the equities involved than any court could be on appeal.

The decree is affirmed at cost of appellant.