**244 A.2d 414.**

Mary Ann Previty *et al.* *vs.* Vera G. Cappuccio *et al.*

JULY 26, 1968.

Present: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

PER CURIAM. In this civil action, the plaintiffs seek money damages for the alleged unlawful removal of the body of their deceased brother, Eli A. J. Cappuccio, from their burial lot in the River Bend Cemetery in Westerly and his reinterment in another cemetery in that town. They also seek the return of their brother's body to its original grave. The defendants are Vera G. Cappuccio, widow of the deceased, Robert J. Schilke an undertaker, and River Bend Cemetery Company. The case is before us on the plaintiffs' appeal from the action of the superior court in granting the undertaker's motion for summary judgment. In substance, the affidavit submitted by the undertaker in support of his motion alleges that he is not liable because he had disinterred the body in reliance on a permit issued "in accordance with the requirements of law" and further that his actions did not violate any of the plaintiffs' rights.

The court is of the unanimous opinion that the grant of summary judgment was erroneous. We believe that G. L. 1956, §23-3-18(d), which provides for the issuance of a disinterment and reinterment permit offers no basis for immunity for civil liability as in the instant case. A failure to comply with this statute can be punishable by fine, imprisonment or both. The primary aim of this legislation is to promote the efficient gathering of vital statistics within this state and was not, in our opinion, intended to be dis-

positive of the rights and liability of parties embroiled in a dispute related to the disinterring of a decedent's remains.

The court, however, is evenly divided as to the extent of the respective rights of the next of kin and the surviving spouse regarding the disinterment of a deceased from his final resting place. Two members of the court, relying principally on *Gardner* v. *Swan Point Cemetery*, 20 R. I. 646, 40 A. 871, would hold that generally as a matter of law, the wishes of the next of kin take precedence over those of a surviving spouse once the deceased is laid to rest in a location which met with her approval and consent and where there is also an absence of evidence that interment was at a place which was contrary to the decedent's wishes. Accordingly, they would rule that the trial justice erred in granting summary judgment because the defendant undertaker could not prevail on the state of the instant record as a matter of law. The other two members of the court, relying on the principle contained in *Yome* v. *Gorman*, 242 N. Y. 395, 402, 152 N.E. 126, 129, would hold that no flat general rule exists on this issue and would rule that summary judgment was erroneously granted here for procedural reasons. It is their opinion that the claim against the funeral director is so inseparably intertwined with the claim of the widow, that summary judgment is clearly an inappropriate remedy. They believe the liability of the funeral director, since it is derivative on the rights of the widow, should be disposed of only after the resolution of the widow's rights.

The plaintiffs' appeal is sustained, the judgment appealed from is reversed and the cause is remanded to the superior court for further proceedings.

Mr. Justice Powers did not participate.

*Thomas J. Capalbo,* for plaintiffs.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for defendant Robert J. Schilke, d/b/a Schilke Funeral Home.