**Stevens v. Ganz**

*E. Drummond King*, for plaintiff.

*Harry P. Creveling*, for defendant.

KOCH, J., February 24, 1970.—This action in equity was instituted on March 1, 1968, by Marian Stevens, a resident of Fort Lauderdale, Fla., and a daughter of Herman Ganz, who died on July 18, 1967. Defendant is Elsie B. Ganz, the executrix of his estate and the surviving widow. Plaintiff's complaint prays for an order directing the exhumation of the body of Herman Ganz from the Highland Park Cemetery in Lehigh County and its reburial at the Greenfield Cemetery in Hempstead, Long Island, N. Y. An answer was filed admitting the provisions of decedent's last will and testament with respect to place of interment at Hempstead but averring that subsequent to the execution of the testamentary document the decedent expressed a desire to be buried in Lehigh County. The answer also denied that the abrogation of decedent's wishes as expressed in the last will and testament was in derogation of the law of the Commonwealth of Pennsylvania as averred by plaintiff.

Based upon the pleadings, the admissions therein, and the testimony presented at the hearing, we make the following

FINDINGS OF FACT

1. Plaintiff, a resident of Fort Lauderdale, Fla., is a daughter of Herman Ganz and his wife, Anna Koehler Ganz, who died in November 1921.

2. Defendant is Elsie B. Ganz who married decedent on March 10, 1937, and resided with him in Lehigh County until his death on July 18, 1967, at the age of 84.

3. The last will and testament of Herman Ganz, which was executed on November 23, 1962, and was probated on August 24, 1967, in Lehigh County named Elsie B. Ganz as executrix. The testamentary document contains the following provision:

"It is my wish to be buried on my cemetery lot in Greenfield Cemetery in Hempstead, Long Island, New York. Any member of my family, including my wife and children and their issue, shall have the right of burial on my cemetery plot. I direct my Executors to erect a granite memorial on my cemetery plot and a headstone on my grave, similar to the one now on my plot, in the event that I have not attended to this in my lifetime."

4. Decedent was married four times and his first wife, Anna Koehler Ganz, is buried on a family cemetery plot in Greenfield Cemetery, Hempstead, Long Island, N. Y.

5. Decedent was buried at the direction of defendant at Highland Park Cemetery, Lehigh County, Pa., on July 21, 1967, on a lot providing for two graves.

6. In response to a telephone call concerning decedent's illness, plaintiff arrived in Allentown on July 18, 1967, after decedent passed away.

7. In a telephone conversation between plaintiff and defendant on July 19, 1967, plaintiff was advised by defendant that she did not intend to inter decedent at Hempstead.

8. On July 20, 1967, plaintiff had knowledge of the provision of decedent's last will and testament with respect to place of burial and conferred with counsel concerning the matter.

9. Decedent's business was located in Lehigh County and he was active in many community affairs and organizations in the City of Allentown.

10. The complaint in this action was filed on March 1, 1968.


## DISCUSSION

The fundamental principle governing the disposition of this unfortunate controversy is set forth in 25A C.J.S., Dead Bodies, §3:

"There is no universal rule regarding the right of persons to bury the dead, but each case must be considered in equity on its own merits, and, no matter in whom the right of burial rests, it is in the nature of a sacred trust for the benefit of all who may, from family ties or friendship, have an interest in the remains. The right of sepulture is not absolute, but must yield when in conflict with the public good or when the demands of justice require such subordination."

A portion of the above rule is undoubtedly the law of Pennsylvania. In Pettigrew v. Pettigrew, 207 Pa. 313, Mr. Chief Justice Mitchell emphasized that each case must be considered in equity on its own merits and, as guidelines, promulgated the following principles, page 319:

". . . first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage, it will require a very strong case to justify a court in interfering with the wish of the survivor.

"Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified if may be by circumstances of special intimacy or association with the decedent.

"Thirdly, how far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail.

"Fourthly, with regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it."

The rationale of Pettigrew was followed in Moore v. Sheafer, 282 Pa. 360, where the court recognized the wishes of a widow and gave emphasis to the rule that cases of the type before us are peculiarly for the exercise of judgment by the chancellor.

The broad right conferred upon a surviving spouse is, as stated in Leschey v. Leschey, 374 Pa. 350, 355, the relationship between husband and wife as the closest family tie.

Our views concerning the general power of a surviving spouse in such matters should not be interpreted as absolute. To do so would give no weight to the expressed wishes of a decedent in the last will and testament. It is generally recognized that every person has the right to determine the disposition which shall be made of his body after death: 25A C.J.S., Dead Bodies, §3. However, it is clear in the issue before us that plaintiff, who was aware of the testamentary wish and conferred with counsel, chose not to avail herself of an equitable remedy before interment. While respectful consideration is given to decedent's wishes and they are accorded great weight, these factors are not absolutely controlling: Meyers v. South Side Cemetery, 94 Pitts. L.J. 323.

It is clear that there is a distinction between the rights existing prior to burial and those after burial, because after its interment the body is in the custody of the law. Intorre v. Catholic Cemeteries Ass'n of the Diocese of Pittsburgh, 112 Pitts. L.J. 510. Disinterment of a body is not favored in the law and its removal to another burial place except in cases of necessity or for laudable purposes, will not be ordered: 25A C.J.S., Dead Bodies, §4(1).

We have found that the relationship between decedent and defendant during their three decades of married life was harmonious and evidenced by love and affection. Several witnesses testified to this rela-

tionship and their conclusions were not challenged. These factors, combined with the evidence that decedent's business and social relationships were deeply rooted in Lehigh County, undoubtedly motivated defendant's decision to arrange burial in this jurisdiction.

Our examination of the record fails to reveal any compelling reason for disinterring the body of decedent. Plaintiff's case rests entirely upon the provision of the last will and testament, a provision which is precatory in nature. We are of the opinion that the presumption against removal has not been overcome. To grant plaintiff's prayer would be an abuse of the discretionary powers of the chancellor.

The chancellor states the following

### CONCLUSIONS OF LAW

1. The primary right as to the burial of the dead is in the surviving widow.

2. Where the parties live together in the normal relation of marriage, it will require a very strong case to justify a court in interfering with the wish of the survivor.

3. There is a distinction between the rights existing prior to burial and those after burial, because after its interment the body is in the custody of the law.

4. There is a presumption against reinterment in a different place and the court requires reasonable cause to be shown for it.

5. Disinterment of a body is not favored in the law and its removal to another burial place, except in case of necessity or for laudable purposes, will not be ordered.

6. Plaintiff has failed to overcome the presumption against removal.

7. The following is to be entered as the

## DECREE NISI

Now, February 24, 1970, the above-captioned complaint in equity is dismissed, each party to bear its own costs.

Now, February 24, 1970, the foregoing adjudication is ordered filed and the decree nisi shall become the final decree in the case unless exceptions are filed thereto within 20 days after notice of its filing upon plaintiff's counsel.