266 A.2d 39.

MARY ANN PREVITY *et al. vs.* VERA G. CAPPUCCIO *et al.*

JUNE 10, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   This is a civil action for the restoration of a disinterred body and for damages.   The case is here on the appeal of the defendant cemetery from the entry of judgment for each plaintiff for damages of $500, and on the appeal of plaintiffs from the entry of judgments dismissing the actions as to the other defendants.

On May 10, 1967, Mary Ann Previty, William P. Cappuccio and Ernest N. Cappuccio commenced this action by filing a complaint in Superior Court of Washington County against Vera G. Cappuccio, River Bend Cemetery Company and Robert J. Schilke, d/b/a Schilke Funeral Home.   In the complaint plaintiffs demanded judgment against defendants for the return of the body of their brother Eli A. J. Cappuccio to its original gravesite in River Bend Cemetery, Westerly, from where it had been removed by defendants.   They further demanded judgment against defendants in the sum of $75,000, interests and costs.

Eli A. J. Cappuccio died on May 9, 1962, leaving no issue, and was survived by his widow, Vera G. Cappuccio, and the plaintiffs.   On May 12, 1962, he was buried in the same plot in River Bend Cemetery where his parents were interred.   It appears from the testimony that the deceased

had expressed a desire to be buried in that plot, that he expected his wife to be buried with him, and that his wife expected that they would be buried together. The widow not only consented to his burial in the River Bend plot but also had made all the arrangements for such interment. After Eli Cappuccio's death, relations between the widow and plaintiffs deteriorated greatly.

Immediately after the death of her mother on December 25, 1965, the widow purchased a three-grave lot in St. Sebastian's Cemetery, Westerly, and had her buried therein. When asked at trial why she had purchased a three-grave lot, the widow replied: "Because I was convinced that if anything happened to me I would be refused burial by the family and I wanted Eli to be with me."

The widow consulted with defendant Schilke concerning disinterment of her husband's body. The defendant Schilke procured an application for disinterment, and the widow signed it in his office on December 27, 1965. On December 29, 1965, the widow wrote a letter, which was admitted in evidence, to plaintiff Previty, in which she explained that arrangements had been made for the removal of her deceased husband's remains from River Bend Cemetery to St. Sebastian's Cemetery, and expressed a desire to resume amicable relations. The widow testified that at the time she wrote the letter she was unaware that her husband's body had been disinterred on that very day.

At the close of plaintiffs' case, each defendant moved to dismiss. The trial justice granted the motion of defendant Schilke but denied those of the other two defendants.

After the conclusion of the trial, the trial justice rendered a decision from the bench in which he concluded that the deceased husband had expected to be buried in the River Bend plot; noted the lapse of time between the date of burial at River Bend on May 12, 1962, and the

transfer to St. Sebastian's Cemetery on December 29, 1965, during which time the widow had taken no steps; and found that before Eli Cappuccio's death relations had been fairly good amongst the parties, but that after his death they had deteriorated to very bad. He said:

> "I agree, too, with Mrs. Cappuccio that she had every reason to assume that if anything did happen to her, that in view of the long history of litigation, that there would have been problems and probably she would not have been buried alongside her husband. I don't think that that was an idle assumption. I think she had every right to assume that, in view of the background of this family and the legal battles that they had had."

He also noted the same-day notification of the transferral and the lapse of over one year before plaintiffs had commenced legal action.

The trial justice also found that the widow, having given her consent to the burial of her husband in the River Bend plot and having acquiesced for two and one-half years to his burial therein, no longer had any rights in relation to her husband's remains; that, had she applied to the court for permission to disinter, it would not have been granted; and that, therefore, the body had been removed contrary to law. However, observing that a court of equity has an inherent discretion as to the type of relief, if any, that may be afforded, he said:

> "Exercising that discretion, I will not direct that the body be transferred. The body has been transferred once before, and I think having in mind all of the interests, including the public, I don't think we ought to have a situation where the body is to be transferred back and forth."

He felt that " * * * once the body has been put at rest * * * [there must be] compelling reasons to take it out."

The trial justice then went on to find that the widow had acted in good faith, relying upon the undertaker, and

that there was no fault on her part. As to River Bend Cemetery, he found that as a trustee of the body it was legally at fault, in that it should have taken more adequate steps to protect the rights of other persons involved.

Judgments were entered denying the prayer for the restoration of the body to its former gravesite, dismissing the actions against defendants Schilke and the widow Cappuccio on their merits, and awarding each plaintiff nominal damages of $500 from defendant River Bend Cemetery.

The plaintiffs appeal to this court from the judgments denying the restoration of the body, dismissing the actions against defendant Schilke and the widow, and the awarding of $500 damages to each plaintiff against defendant River Bend.

The defendant River Bend appeals from the final judgment against it awarding $500 nominal damages to each plaintiff.

In *Previty* v. *Cappuccio,* 104 R. I. 388, 244 A.2d 414, this court noted a division between the justices as to the extent of the respective rights of the next of kin and surviving spouse regarding the disinterment of a deceased from his final resting place. In the peculiar circumstances of this case we are not faced with the problem whether we should depart from *Gardner* v. *Swan Point Cemetery,* 20 R. I. 646, 40 A. 871. In fact, this case fits within the "possible exceptions" noted in *Gardner.* There the court said:

"Thus it appears that a burial by the consent of those most nearly interested is regarded in law as a final sepulture, which cannot be disturbed against the will of those who have the right to object, generally the next of kin, on account of change in feeling or circumstances. We do not say that there may not be *possible exceptions* to this rule, since it is more a rule of ethics than of law, but it is safe to say that in law it is recognized as the general rule." (emphasis added) *Id.* at 649, 40 A. at 871-72.

The widow here consented to her husband's original interment in anticipation that she would, upon her death, be laid to rest at his side. Such consent was vitiated when the widow, with justification, came to fear that she would be refused burial beside her husband. Compare *Hackett v. Hackett*, 18 R. I. 155.

We are of the opinion, therefore, that the trial justice was in error in concluding that the body had been removed "illegally * * * contrary to law." Since the disturbance was justified and the body legally removed, no liability attaches to any of the defendants, and the plaintiffs' action should have been dismissed as against each defendant.

The plaintiffs' appeal is denied and dismissed, and the judgment dismissing the actions as to the defendants Schilke and Cappuccio are affirmed. The appeal of the defendant River Bend Cemetery is sustained, and the judgment against it reversed.

*Thomas J. Capalbo,* for plaintiffs.

*Norbert Fessel,* for Vera G. Cappuccio and River Bend Cemetery Company; *Higgins, Cavanagh & Cooney, John P. Cooney, Jr.,* for Robert J. Schilke d/b/a Schilke Funeral Home, defendants.