357 So.2d 135 (1978)
Adrienne Spratt HOOD
v.
Edith Tubb SPRATT.
No. 50176.
Supreme Court of Mississippi.
April 5, 1978.
*136 Burgin, Gholson, Hicks & Nichols, Dewitt T. Hicks, Jr., Columbus, for appellant.
J.O. Prude, Amory, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Monroe County. It presents the issue of whether a surviving spouse can have the body of her deceased husband removed from his burial site to another over the objection of blood relatives.
Herschell D. Spratt, Sr. died quite suddenly in 1957 when he was thirty-six years of age. At that time he had been married approximately fourteen years to Edith Tubb Spratt, his first and only wife. He was survived by her and their son Herschell D. Spratt, Jr. The sister of the decedent, Adrienne Hood, owned a burial plot in the Oddfellow Rest Cemetery in Aberdeen, Mississippi, and it was orally agreed between the widow and the sister of the deceased that Herschell D. Spratt, Sr. be interred in Mrs. Hood's plot.
In 1969 Edith Spratt learned that Mrs. Hood would not allow her or her son to be buried in the plot and arranged for three spaces in another plot in which her son was buried in 1975 when he was about nineteen years of age. Mrs. Spratt, according to her testimony, did not attempt removal of her husband's remains prior to her son's death for fear it would upset him as he had been ill for many years. She petitioned the Chancery Court of Monroe County in 1975 for permission to disinter and remove her husband's remains to one of her burial spaces. She named as defendants her deceased husband's nearest living relatives who were his sister Adrienne Hood and his brother James E. Spratt, Jr. The petitioner was granted a decree pro confesso against James E. Spratt, Jr. and the cause was heard between the petitioning widow and the deceased's sister. The chancellor granted petitioner the relief sought and Mrs. Hood appeals and assigns as error the following:
1. Permitting disinterment of the deceased after the widow consented to his burial site nineteen years previously and where the deceased had indicated a preference for a burial site, and
2. Refusing to permit evidence that the deceased child was not the son of Herschell D. Spratt, Sr.
As to the appellant's first contention, there appears to be a division of authority as to whether the surviving spouse's control over the body of a deceased terminates once consent is given to a burial place. Smith v. Shepherd, 64 N.J. Eq. 401, 54 A. 806 (1903), and Wynkoop v. Wynkoop, 42 Pa. 293, 82 Am.Dec. 506 (1862). However, many jurisdictions follow the more compassionate approach of permitting a surviving spouse to remove the body of a *137 deceased spouse to another burial site for compelling reasons and in the absence of a waiver of such right. We are of the opinion this latter resolution of the problem is the better one and that removal and reinterment of a body is allowable where there are compelling reasons.
Pettigrew v. Pettigrew, 207 Pa. 313, 56 A. 878 (1904), appears to be a leading case following what we believe to be a more acceptable logic. In it the Pennsylvania court gave application to the same principles that apply to initial interment, but observed there was a presumption against removal growing stronger with the passage of time and with the remoteness of the connection with the decedent by the one desiring removal. The first rule was that the surviving spouse had the paramount right to designate the burial site and, if the parties were living in normal marital relations, a very strong case would be required to justify judicial interference with the survivor's wish. Secondly, in the absence of a surviving spouse, the right of selection of a burial site was in the next of kin in order of their relation to the decedent, and the rights of more distant kin might be modified by circumstances of special intimacy or association with the decedent. Thirdly, to what extent the desires of the decedent as to place of burial should prevail against those of the surviving spouse was left an open question, but as against the remoter connections, such wishes, especially if strongly and recently expressed, would usually prevail.
Factors to which various courts generally have given consideration in permitting disinterment and removal of a body have included public interest, wishes of the decedent, rights and feelings of those entitled to be heard by reason of relationship, rights and principles of religious bodies or other organizations which granted interment in the first burial site, and whether consent was given to interment in the first burial site by the one claiming the right of removal. Theodore v. Theodore, 57 N.M. 434, 259 P.2d 795 (1953).
We are of the opinion all of these factors are to be considered when appropriate to determining such question and its determination is particularly one for a court of equity. There is no rigid rule for either permitting or refusing removal of a body once interred and each case must be determined on its own merits with due regard to public welfare, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association. Moore v. Sheafer, 282 Pa. 360, 127 A. 784 (1925); Lavigne v. Wilkinson, 80 N.H. 221, 116 A. 32 (1921); and Pettigrew v. Pettigrew, 207 Pa. 313, 56 A. 878 (1904).
The present case reveals consent by the widow to bury her husband in her sister-in-law's plot and a dispute as to any agreement for burial of the widow and her son beside the husband and father. Mrs. Spratt contended there was such an agreement for her son and herself to be buried adjacent to Mr. Spratt. However, this was denied by Mrs. Hood. There is also evidence that at some time prior to his marriage Mr. Spratt had expressed a desire to be buried next to his mother and father who were buried in Mrs. Hood's plot, but the record is silent at what age this desire was expressed. Furthermore, there was no evidence of any preference expressed by him as to his burial site after he had married. The record does disclose that the petitioner and her husband lived a normal married life but that the relations between Mrs. Spratt and Mrs. Hood had been very strained as they had not spoken for nearly twenty years.
We think that the desire of a surviving spouse to be buried beside her deceased spouse and to have their child beside them both is a normal desire and a compelling reason where there is cause to believe the widow thought this would be possible at the time of the original interment. Persuasive to this view is Previty v. Cappuccio, 107 R.I. 210, 266 A.2d 39 (1970); Rivers v. Greenwood Cemetery, Inc., 194 Ga. 524, 22 S.E.2d 134 (1942); Moore v. Sheafer, 282 Pa. 360, 127 A. 784 (1925); Lavigne v. Wilkinson, 80 N.H. 221, 116 A. 32 (1921); Swits v. Swits, 81 Conn. 598, 71 A. 782 (1909); Pettigrew v. Pettigrew, 207 Pa. 313, 56 A. 878 (1904).
*138 Further, we are of the opinion that a court of equity can best determine the rights of relatives and friends respecting the care and control of the remains of their dead and decide upon each set of circumstances what is the proper course of action. In his decree the chancellor found that the appellee was "... motivated by sound reason and laudable purpose, and not by whim or caprice ..." and surely we cannot say he was manifestly wrong in his decision to grant the appellee the relief sought.
Appellant also contends that the chancellor erred in refusing proof of paternity of the child. However, the record discloses that Mr. Spratt accepted the child as his son and acted toward the child as any normal parent by enlarging his home, planning for his education, and enjoying his son's company. Therefore, we think the chancellor did not err in this regard.
Having decided these issues, there is no need to consider the cross appeal. Therefore, after consideration by a conference of the justices en banc, the decree of the chancellor is affirmed.
AFFIRMED.
SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.